## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**PAMELA POWELL**                                                       **PLAINTIFF**

**V.**                            **4:20CV00452 JM**

**WEHCO VIDEO INC.,** *et al*                                        **DEFENDANTS**

### ORDER

On April 24, 2020, Plaintiff commenced this case against Defendants alleging discrimination under Title VII of the Civil Rights Act of 1964 (Title VII), the Americans with Disabilities Act (ADA), and the Age Discrimination Employment Act (ADEA). She also alleged that Defendants committed violations of the Racketeer Influenced and Corrupt Organizations Act (RICO). Along with the complaint, Plaintiff filed a motion to proceed *in forma pauperis* (IFP).

There is a two-step process to proceed IFP. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (*per curiam*). First, there is a determination of whether the plaintiff qualifies by economic status under 27 U.S.C. § 1915(a). If she does, the complaint is permitted to be filed. *Id*. Second, assuming the allegation of poverty is true, a determination is made under § 1915(e)(2)(B) of whether the cause of action stated in the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If so, the complaint is to be dismissed. Because it appears that plaintiff's economic situation qualifies her for IFP status, the Court hereby GRANTS Plaintiff's IFP application. (Doc. No. 1).

The Court now turns to the determination of whether, under §1915(e)(2)(B), this action should be dismissed because it is frivolous or malicious, fails to state a claim on which relief

may be granted, or seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous if it "describ[es] fantastic or delusional scenarios," the factual contentions are "clearly baseless," or there is no rational basis in the law. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). A court may dismiss such a complaint before service of process without leave to amend. *Christiansen v. Clarke*, 147 F.3d 655, 658 (8th Cir.), *cert. denied*, 525 U.S. 1023 (1998); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001), *cert. denied sub nom. Early v. Harmon*, 535 U.S. 1040 (2002).

In this case, Ms. Powell asserts that she was discriminated against because of her "race (White), religion (Christian), and national origin (American)." (Doc. No. 2 at 18) She also suggests that she was discriminated against because of her age and disability. (*Id.*) Ms. Powell has presented no facts supporting these claims.

Ms. Powell maintains that she first sought a call center position from Defendant on October 28, 2019 and left her employment on January 14, 2020. (Doc. No. 2 at 6 & 16). In her complaint and attached EEOC charging document, she maintains that she was retaliated against for complaining about "business-inappropriate music" during training. (*Id*. at 16) Ms. Powell further suggests that the trainer, who she remembers mentioning having a biology degree, must have learned of her daughter's race (part Hispanic) from her deceased brother's obituary and used that information as well has her brother's and Hilary Clinton's birthdate to harass her during training – something she described as a "German Nazi tactic." (*Id*. at 8, 16-19).   It appears she made this conclusion after the trainer use a photo of Hitler as the example of a difficult caller for new services. (*Id.* at 8).

Further, Ms. Powell recalls "the VP" stating to "the General manager" that "a lot of trees had been cut down," and she believes this was "a reference to Jewish males depicting themselves

as 'trees.'" (*Id*. at 18). Ms. Powell also concludes that she was able to readily determine which employees were "Nazi" "key-players" by their last names, which were secret code – "Haight (pronounced 'Hate'), Seick (pronounced 'Syke,' meaning to discredit and erase prior activities that had actually occurred, such as alleging German wars never occurred causing millions of people were never killed through hate crimes stemming from bigots), [and] Joiner (an auditor who scores subjective performance to determine who is a 'joiner' and whose employment will be terminated with fraudulent low scorings." (*Id*. at 8).

Ms. Powell has not identified the race, religion, national origin, age, or gender of any person she worked with or identified how others similarly situated were treated differently. *See Lidge-Myrtil v. Deere &Co.*, 49 F.3d 1308, 1310 (8th Cir. 1995) (Title VII); *Spencer v. Stuart Hall Co., Inc.*, 173 F.3d 1124, 1128 (8th Cir. 1998) (ADEA). She has not stated a claim under RICO. *See Bowman v. Western Auto Supply Co.*, 985 F.2d 383, 385 (8th Cir.), *cert. denied*, 508 U.S. 957 (1993) (discharged employee has no standing under RICO). Instead, she opines, without any substantiation, that her coworkers were involved with a "subversive movement aligned with Hitler's ideologies and goals which are Ashkenazi Jewish aka German Nazism within the workplace." (Doc. No. 2 at 10) Further, Ms. Powell has not identified what, if any, disability she may have or how she was harmed as a result. *See Fenny v. Dakota, Minnesota & Easter R. Co.*, 327 F.3d 707, 711 (8th Cir. 2003) (ADA elements). At best, she asserts that she was asked to turn lights off during a training session, which aggravated her knees and arm. (Doc. No. 2 at 9).

No actions ascribed to any Defendant indicated that Ms. Powell's race, gender, color, religion, national origin, or alleged disability had anything to do with her termination. Further, Ms. Powell's allegations that Defendants business practices were actually part of a "subversive

agenda" to "destroy earning ability" and to "hinder [traditionally Christian] family bonds" are frivolous.

"A *pro se* plaintiff must set forth enough factual allegations to 'nudge [] their claims across the line from conceivable to plausible,' or 'their complaint must be dismissed' for failing to state a claim upon which relief can be granted." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing *pro se*, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) After reviewing Ms. Powell's *pro se* complaint, the Court finds that the complaint should be, and hereby is dismissed *sua sponte*.

As stated, the Court grants Ms. Powell's Motion to Proceed IFP (Doc. No. 1). The Court further finds that Ms. Powell's complaint is both frivolous and fails to state a claim for relief and, therefore, the complaint (Doc. No. 2) is dismissed without prejudice. The Clerk is directed to close the case.

IT IS SO ORDERED this 13th day of May, 2020.

_____
UNITED STATES DISTRICT JUDGE